UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| JOHN A. POLK | NO. 16-00093-BAJ-EWD |

RULING AND ORDER

Before the Court is Defendant's **Motion For Compassionate Release (Doc. 27)**. The Government opposes Defendant's Motion. (Docs. 30). For the following reasons, Defendant's Motions will be denied.

I. BACKGROUND

On October 13, 2016, Defendant pleaded guilty to one count of unlawful possession of a firearm by a convicted felon and one count of possession with intent to distribute marijuana and MDMA, Schedule I controlled substances. (Doc. 16).

On February 10, 2017 the Court entered its judgment sentencing Defendant to a term of imprisonment of 120 months. (Doc. 25). Defendant did not appeal his conviction.

Defendant is currently incarcerated at FCI Beaumont. His projected release date is February 28, 2025.[1]

Defendant now moves for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing ongoing concerns regarding the COVID-19 virus, and multiple chronic health conditions that place him at higher risk of adverse

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited Oct. 26, 2023).

outcomes should he be infected by COVID-19. (Doc. 27 at 1–2).

## II. ANALYSIS

### A. Standard

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). A defendant seeking compassionate release must show (1) "extraordinary and compelling reasons warrant such a reduction," and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Mathes*, No. 14-cr-69, 2020 WL 4014748, at *3 (M.D. La. July 16, 2020) (Dick, C.J.). ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").

When, as here, the defendant files a motion for compassionate release on his own behalf, the Court's discretion "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Still, even if the Sentencing Commission's guidance is *not* dispositive, it informs the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied* No. 20-7832 (U.S. May 24, 2021).

Relevant here, the Sentencing Commission recognizes that, in certain circumstances, a Defendant's "medical condition" may rise to the level of an "extraordinary and compelling" reason to merit compassionate release. Specifically, the Sentencing Commission advises that "extraordinary and compelling reasons" may be established upon proof that an illness is "terminal," "serious," or "substantially

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13 (Commentary, Application Note 1(A)).

### B. Discussion

Defendant seeks medical release due to his hypertension and diabetes. Additionally, records demonstrate that Mr. Polk is obese. (Doc. 48 at 2). Defendant raises legitimate concerns. For multiple reasons, however, Defendant cannot demonstrate extraordinary and compelling reasons to justify release.

The CDC continues to advise that certain chronic conditions—including hypertension, diabetes, and obesity—"can make you more likely to get very sick from COVID-19."[2].

But that is not the end of the inquiry. First, hypertension, diabetes, and obesity are commonplace medical conditions that may be controlled through medication and regular treatment. Defendant's medical records indicate that he is under the regular care of medical professionals and that his condition has substantially improved since his hospitalization for COVID-19. This Court and others have held that controlled, commonplace, chronic conditions do not establish an extraordinary and compelling reason to justify release, even if those conditions increase the risk of adverse outcomes from COVID-19. *See United States v. Johnson*, 07-cr-17, 2021 WL 262559, at *5 (M.D. La. Jan. 26, 2021) (Dick, C.J.) (ruling that well-controlled hypertension is not extraordinary and compelling); *accord Thompson*, 984 F.3d at 434 (instructing

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 23, 2023).

that "commonplace" chronic conditions—specifically including hypertension—generally do not make a prisoner's case "extraordinary").

Second, according to the most recent data, USP Beaumont currently reports that nearly 50 percent of its inmate population is fully inoculated against COVID-19, and that there are currently zero open cases of COVID-19 at the facility.[3] These numbers are consistent with other federal corrections facilities in Mississippi, Louisiana, and Texas. Meanwhile, just 46 percent of Louisiana's general population is fully vaccinated, and COVID-19 infections and hospitalization rates continue to rise and fall in cyclical patterns.[4] In short, on the present showing, it is not clear that Defendant is at a significantly higher risk of exposure to COVID-19 as a result of his confinement. Thus, again, his case is not "extraordinary." *Cf. Thompson*, 984 F.3d at 434 (indicating that defendant's case was not "extraordinary" where defendant failed to show that he was "at a significantly higher risk [of severe outcomes from COVID-19] than is the general inmate population").

Third, and equally important, Defendant's medical records reflect that as of February 2, 2021, he is fully vaccinated against COVID-19, offering protection against the most severe outcomes of the disease. (Doc. 33 at 175–176).

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion For Compassionate**

---

[3] *See* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (visited October 26, 2023).

[4] *See* https://ldh.la.gov/Coronavirus/ (visited October 26, 2023).

**Release (Doc. 27)** be and is hereby **DENIED**.

      **IT IS FURTHER ORDERED** that Defendant's **Motion For Appointment Of Counsel** be and is hereby **DENIED**.

      Baton Rouge, Louisiana, this 26th day of October, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**